## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | | |
|---|---|---|
| **DAVID GORDON OPPENHEIMER,** | § | |
| **Plaintiff,** | § | **CA No. _____** |
| | § | |
| | § | |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **SARAH B. LONG and** | § | |
| **SARAH B. LONG REAL ESTATE, LLC** | § | |
| **Defendants.** | § | |

---

### ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND

---

Plaintiff, David Gordon Oppenheimer *("Oppenheimer" or "Plaintiff")*, for his complaint against Defendants, Sarah B. Long ("*Long")* and Sarah B. Long Real Estate, LLC *("LLC")* (***collectively*, "**Defendants"), alleges:

### JURISDICTION/VENUE

1.      Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2.      Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338.  Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

3.      Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

Case 5:23-cv-00124-KDB-SCR   Document 1   Filed 08/10/23   Page 1 of 8

4.     Long is an individual who works and resides in the State of North Carolina. She is the founder, director, manager, and/or another genre of principal of LLC and will receive actual notice of this filing by service upon her at 766 King Street, Boone, North Carolina 28607-3621, or wherever she may be found.

5.     LLC is a corporation organized under the laws of the State of North Carolina. LLC will receive actual notice of this Complaint by service upon its principal Sarah B. Long at its principal place of business, 435 Grand Blvd., Boone, North Carolina 28607-3621, or wherever it may be found.

## INTRODUCTORY FACTS

6.     Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the aerial photographs at issue in this matter (the "Works" **Exhibit 1 and 2**).

7.     Oppenheimer makes his photographic works available for perusal and licensing online at his website https://performanceimpressions.com.

8.     Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Works and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 3** is a true and correct copy of the certificate of registration bearing certificate number VAu-1-151-394 issued for **Exhibit 1** entitled *"Aerial Photographs Taken on October 18, 2013 by David Oppenheimer."* **Exhibit 4** is a true and correct copy of the certificate of registration issued for the photograph marked **Exhibit 2**, entitled *"Photography by David Oppenheimer from Winter 2013"* bearing certificate number VAu 1-156-213, and the photograph on deposit at the U.S. Copyright Office for said registration certificate.

9.      At all relevant times hereto, Oppenheimer was and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Works. Oppenheimer's copyrights in the above-described Works are presently valid and subsisting, were valid and subsisting from the moment of the Works' creation, and all conditions precedent to the filing of this suit have occurred.

10.     For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyright registered photographs when they are first published by him, and thereafter. When published by Oppenheimer, the Works at issue in this case prominently displayed his CMI with a facial watermark, embedded in the metadata, and/or in an adjacent caption of the Works. Thus, Defendants were on notice that the Works were copyright protected.

11.     Fewer than three (3) years before this filing, Oppenheimer discovered that one or more of the Defendants, and/or someone at their direction, infringed his copyrights by copying, distributing, and/or displaying (or directing others to do so) his protected Works in order to advertise and market their real estate business on (at least these, and, the following Universal Resource Locators ("URLs"):

**Infringing URLs:**

https://828realestate.com/sugar-mountain/;

https://828realestate.com/beech-mountain-3/;

https://assets.thesparksite.com/uploads/sites/176/2020/05/Sugar-mountain.jpg;

https://assets.thesparksite.com/uploads/sites/176/2020/05/download-3-2-540x350.jpg;

*and*

https://assets.thesparksite.com/uploads/sites/176/2020/05/Sugar-mountain-1-540x350.jpg.

12.     On or about, April 28, 2021, Oppenheimer's attorney sent a formal letter to the Defendant-Infringers identifying all the known infringing URLs, demanding Defendants cease and desist from their ongoing infringements, and seeking information about the uses to which the Works had been put, profits received, and the like (**Exhibit 5**).

13.     After repeated demands for the Defendants to cease and desist in their infringements, and to pay retroactive license fees or statutory damages to resolve Oppenheimer's claims, it became clear that Defendants are contemptuous of Oppenheimer's copyrights, and suit has thus become necessary.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

14.      Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

15.     Defendants have non-willfully infringed Oppenheimer's copyrights in and to the Works shown on **Exhibits 1 and 2** by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17.

16.     Upon information and belief, Defendants have benefitted from their infringements of the Works, while Oppenheimer has suffered and will continue to suffer damages, irreparable injury to his business, reputation, and goodwill; therefore, Oppenheimer is entitled to injunctive relief, disgorgement of Defendants' profit, and other relief set forth in the Title.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

17.     Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

18.     Alternatively, Defendants have recklessly/willfully infringed Oppenheimer's copyrights in and to the Works shown on **Exhibit 1 and Exhibit 2** by scanning, copying,

reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17.

19.     As is his pattern and practice, Oppenheimer had clearly marked the Works with notices of copyright and additional CMI — including with a legible facial watermark, embedded metadata, and/or in and adjacent caption — including a "©" notice of copyright, stating that all rights are reserved, licensing instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for the purpose of purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title to it.

20.     Upon information and belief, one or more of the Defendants, and/or a third party acting on their behalf, saw Oppenheimer's copyright notice, and then subsequently removed or otherwise obscured Oppenheimer's CMI.

21.     Therefore, because they had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Works, and nevertheless used them without having a license or authorization, the Defendants are deemed reckless/willful infringers of the Works.

22.     Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Works, while Oppenheimer has suffered and will continue to suffer damages; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

23.     Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

Case 5:23-cv-00124-KDB-SCR   Document 1   Filed 08/10/23   Page 5 of 8

24.     Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time LLC performed the infringing acts, Long was the founder, director, manager, and/or another genre of principal of LLC.

25.     On information and belief, Long controlled nearly all decisions of LLC at the time of the infringements, and was the dominant influence of the company. Long provided hands-on decision making with respect to the activities of LLC, making most of the decisions of the company. Long possessed the right and ability to supervise and/or control this infringing conduct by LLC, and/or to stop the infringements once they began. Upon information and belief, Long had an obvious and direct financial interest in these infringing activities of LLC. Accordingly, Long is personally liable to Oppenheimer as a joint and/or contributory infringer, and/or is otherwise vicariously liable for the actions of LLC.

### COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

26.     Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

27.     Alternatively, Long intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or has refused to exercise her right and/or ability to stop the infringement(s) after they began.

28.     On information and belief, Long is the dominant influence in LLC. Long provides hands-on decision making with respect to the activities of the entity, set and controlled the company's policies and protocols, and established corporate rules and cultures which encouraged the infringing activities. Long therefore had the right and ability to supervise and/or control the infringing conduct of LLC – and of its employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and

Case 5:23-cv-00124-KDB-SCR   Document 1   Filed 08/10/23   Page 6 of 8

enabled the same. Additionally, and upon information and belief, Long had obvious and direct financial interests in the infringing activities of LLC, the company she runs.

29.     Accordingly, Long is personally liable to Oppenheimer as a contributory infringer for the infringing activities of LLC.

## RELIEF REQUESTED

**WHEREFORE**, Oppenheimer respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. That Defendants, their agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyright in any manner whatsoever and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendants provide an accounting of all gains, profits and advantages derived by them because of the willful and unlawful acts of copyright infringement above described;

C. That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not considered in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. §504(b);

D. In the alternative, and at Oppenheimer's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 *for each* Work infringed pursuant to 17 U.S.C. §504(c), or such other amount as the jury may deem appropriate;

E. That Defendants be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. §504(c) and §; *and*

F. For such other and further relief as this court deems just and proper.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Case 5:23-cv-00124-KDB-SCR   Document 1   Filed 08/10/23   Page 7 of 8

**LEJUNE LAW FIRM**

By:    */s Dana A. LeJune*
Dana A. LeJune
Texas Bar: 12188250
NC Bar: 49025
7 Orchard Street
Suite 200
Asheville, NC 28801
828-774-5800 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net

*Attorney for Plaintiff,*
*David Oppenheimer*